IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00359-FL
NO. 5:12-CV-00443-FL

| | |
|---|---|
| VINCENT MCNATT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This cause comes before the Court upon petitioner Vincent McNatt's's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-35). The government seeks to dismiss McNatt's motion to vacate as untimely. (DE-45). McNatt has responded to the motion to dismiss (DE-50) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, it is RECOMMENDED that McNatt's motion to vacate (DE-35) be DENIED and that the motion to dismiss (DE-45) be GRANTED.

I. **BACKGROUND**

On April 8, 2009, McNatt pled guilty pursuant to a plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. (DE-17, DE-19). On November 10, 2009, this Court sentenced McNatt to 155 months in prison and five years of supervised release. (DE-27, DE-28). McNatt did not appeal the judgment.

1

On July 17, 2012, McNatt filed the instant motion pursuant to 28 U.S.C. § 2255. In his motion to vacate, McNatt asserts six grounds for relief: (1) ineffective assistance of counsel arising from counsel's failure to object to sentence enhancement under the Armed Career Criminal Act; (2) ineffective assistance of counsel arising from counsel's failure to file a notice of appeal; (3) defective indictment; (4) involuntary plea; (5) ineffective assistance of counsel based on counsel's failure to object to career offender sentence enhancement; and a (6) claim that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) invalidates his § 922(g) conviction.

The Office of the Federal Public Defender was appointed as counsel of record on a limited basis pursuant to Standing Order 11-SO-03 to investigate McNatt's claim to relief pursuant to *Simmons*. On August 1, 2012, this Court allowed Assistant Public Defender Devon Donahue to withdraw from the case after she filed a motion stating she did not intend to file arguments on behalf of McNatt. (DE-39).

The government asserts that the motion to vacate is untimely and should be dismissed because McNatt did not file the petition within one year of his judgment becoming final.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Twombley, 550 U.S. at 570; Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a

2

district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). The court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Pshp., 213 F.3d 175, 180 (4th Cir. 2000); Monroe, 579 F.3d at 385-86.

### B. 28 U.S.C. § 2255

A petitioner asserting constitutional error pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). In such a proceeding, the burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549 at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence.").

Claims under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). This limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such

governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1-4).

This one-year limitation period is subject to equitable tolling when an otherwise time-barred petitioner presents "'(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.'" United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (quoting Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Absent wrongful conduct on the part of the United States, a petitioner must show that extraordinary circumstances beyond the petitioner's control made it impossible to file the claims on time. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (equitable tolling "must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation against the party and gross injustice would result"). Importantly, a petitioner must also demonstrate that he pursued his rights diligently. Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

With these legal precepts in mind, the undersigned considers the instant case.

### III. ANALYSIS

Here, the motion to vacate is untimely. If a defendant does not timely appeal the trial

4

court's final judgment, as in this case, his conviction becomes final fourteen calendar days after entry of final judgment, when the opportunity to appeal expires. *See* Clay v. United States, 537 U.S. 522, 532 (2003); Fed. R. App. P. 4(b)(1); Peacock v. United States, Nos. 5:08-CR-00082-BR, 5:11-CV-00021-BR, 2011 U.S. Dist. LEXIS 8601, at *1-2 (E.D.N.C. Jan. 28, 2011). Accordingly, McNatt's conviction became final on November 24, 2009, fourteen calendar days after entry of final judgment. McNatt thus had until November 24, 2010 to timely file his § 2255 motion. But McNatt did not file his motion to vacate until on or about July 17, 2012. As such, McNatt's motion to vacate is untimely on its face and must be dismissed unless it is eligible for equitable tolling.

McNatt avers that immediately following the sentencing hearing on November 10, 2009, he instructed his attorney, Robert Bell, to appeal his conviction and sentence. Decl. Vincent McNatt ¶ 2, DE-50-3. According to McNatt, Bell told him "that he would [f]ile the appeal, and that in most cases, it takes up to one year or more for the appeals court to get back with us concerning the appeal, and that I should not try to contact him and that he would contact [m]e after the appeals court reached the merits of the appeal." *Id.* at ¶ 5. McNatt alleges he sent a letter to Bell dated May 10, 2010 inquiring as to the status of the appeal and requesting a copy of the appellate brief.[1] Ex. 1, DE-50-2. Bell did not respond. McNatt first learned that no appeal had been filed in May 2012, when he "had [his] brother . . . call to the court of appeals . . . concerning the status of the appeal and the clerk of the court of appeals advised [his] brother that no appeal had been filed[.]" Decl. McNatt at ¶ 8. At that point, McNatt sought assistance in filing the present

---

1. The undersigned notes that on October 20, 2011, McNatt filed a copy of another letter to Bell with this Court. The three-page letter addresses various subjects and generally complains about Bell's unresponsiveness to McNatt's attempts to contact him, but never mentions an appeal. Addendum, 3-5, DE-32-1.

2255 motion to vacate. McNatt argues that equitable tolling should be applied because he reasonably believed his appeal was pending.

However, "[t]he fact that a petitioner was operating under the mistaken assumption that his appeal was pending, and the fact of his status as a federal prisoner proceeding pro se, are insufficient grounds to invoke equitable tolling." Van Buren v. United States, Nos. 4:98-CR-23, 4:05-CV-103, 2006 U.S. Dist. LEXIS 91518, at *5-6 (E.D. Va. Dec. 18, 2006); see also United States v. Padilla, 478 F. Supp. 2d 865, 869 (E.D.Va. 2007) ("While petitioner asserts that his attorney failed to file a direct appeal . . . this alone does not 'demonstrate that he has been diligently pursuing his rights and that some extraordinary circumstances stood in his way to prevent him from filing a timely petition.'") (quoting Hill v. United States, No. 7:05-cv-00510, 2006 U.S. Dist. LEXIS 27808, at *7-8 (W.D. Va. May 10, 2006))).

Taking all of his allegations as true, McNatt does not explain why he waited four years to determine the status of his appeal. After receiving no response from Bell in 2010 regarding the appeal, "'[a] reasonably diligent person in [McNatt's] position could and should have ascertained whether an appeal had been taken a short time after the appeal deadline had passed.'" Way v. United States, Nos. DKC 07-2138, DKC 02-0210, 2011 U.S. Dist. LEXIS 26317, at *11 (D. Md. March 15, 2011) (quoting United States v. Arcoren, 633 F. Supp. 2d 752, 759 (D.S.D. 2009)). Instead, McNatt waited until 2012 to contact the federal court system. Such circumstances do not evidence reasonable diligence. See Padilla, 478 F. Supp. 2d at 869; see also United States v. Sells, 391 F. App'x 700, 701 (10th Cir. 2010) ("Waiting over a year past the limitations deadline to determine whether counsel filed a motion does not support diligence."); Anjulo-Lopez v. United States, 541 F.3d 814, 818-19 (8th Cir. 2008) (finding counsel's alleged failure to file an appeal did not justify equitable tolling where the defendant did not demonstrate any effort to check on the

6

status of his case). Accordingly, the undersigned finds that if McNatt had been diligently pursuing his rights, he would have been aware that no appeal had been filed well before November 24, 2010. *See* Reeves v. United States, Nos. 5:09-CR-204-FL, 5:11-CV-505-FL, 2012 U.S. Dist. LEXIS 76227, at *5-7 (E.D.N.C. June 1, 2012) (concluding that the petitioner failed to exercise due diligence and was therefore not entitled to equitable tolling where the petitioner instructed his attorney to file a notice of appeal and mistakenly believed that an appeal was pending). The undersigned therefore RECOMMENDS that the motion to vacate be dismissed as time-barred.

IV. **CONCLUSION**

For the foregoing reasons, the undersigned RECOMMENDS that McNatt's motion to vacate (DE-35) be DENIED and that the motion to dismiss (DE-45) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on December 18, 2012.

_/s/ William A. Webb_
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE