IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CR-00359-FL
NO. 5:12-CV-00443-FL

| | | |
|---|---|---|
| VINCENT MCNATT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the court on petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("motion to vacate") (DE 35), and respondent's motion to dismiss the same (DE 45). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb entered a memorandum and recommendation ("M&R") (DE 51) wherein it is recommended that the court grant respondent's motion to dismiss. Petitioner timely filed an objection to the M&R and the issues raised are ripe for ruling. Also before the court are petitioner's motion for evidentiary hearing (DE 57), as corrected (DE 60), and motion for appointment of counsel (DE 58). For the reasons that follow, the court grants respondent's motion to dismiss, dismisses with prejudice petitioner's motion to vacate, and denies petitioner's motions.

**BACKGROUND**

On April 8, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Petitioner was sentenced to 155 months imprisonment and five years of supervised release. Petitioner did not

appeal the conviction and sentence.

On July 17, 2012, petitioner filed the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner asserts the following grounds for relief: (1) ineffective assistance of counsel based on counsel's failure to object to sentence enhancement under the Armed Career Criminal Act; (2) ineffective assistance of counsel based on counsel's failure to file a notice of appeal; (3) defective indictment; (4) involuntary plea; (5) ineffective assistance of counsel based on counsel's failure to object to career offender sentence enhancement; and (6) a claim that United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), invalidates his § 922(g) conviction.

On October 10, 2012, respondent moved to dismiss petitioner's motion to vacate for lack of subject-matter jurisdiction, challenging petitioner's motion as untimely filed, and for failure to state a claim upon which relief may be granted. Petitioner opposed respondent's motion on December 3, 2012. Subsequently, the magistrate judge entered the M&R, recommending that the court grant respondent's motion to dismiss. On February 8, 2013, petitioner filed an objection to the M&R, arguing that equitable tolling is warranted.

On the same day, petitioner also filed a motion for evidentiary hearing (DE 57), as corrected (DE 60), and motion for appointment of counsel (DE 58). On March 18, 2012, petitioner filed a supplement to his motion to vacate (DE 61), asserting as additional grounds for relief the following: (1) ineffective assistance of counsel based on counsel's failure to secure the sentence reduction agreed to with the prosecution; and (2) prosecutorial misconduct.

## DISCUSSION

A.     Motion to Vacate

The district court reviews *de novo* those portions of a magistrate judge's M&R to which

2

specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As stated in the M&R, motions to vacate brought pursuant to 28 U.S.C. § 2255 are subject to a one-year period of limitation, which period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Here, petitioner acknowledges that his motion was not filed timely pursuant to any of the above provisions, but he requests that the court apply equitable tolling.

The timeliness provisions of 28 U.S.C. § 2255(f) are subject to equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). A petitioner is entitled to equitable tolling only if he shows "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct,

3

(3) that prevented him from filing on time." Id. (internal quotation marks omitted). A petitioner must also show that he pursued his rights diligently. Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). "But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

In support of his request for equitable tolling, petitioner declares that immediately after sentencing, he instructed his attorney to timely file a notice of appeal, and his attorney indicated that the appeals process would take up to two years to complete. Further, petitioner declares that he attempted to contact his attorney several times to request information about the status of his appeal.

The court agrees with the M&R that had petitioner exercised due diligence, he would have discovered well before expiration of the one-year deadline that his counsel had not filed the notice of appeal. See Reeves v. United States, Nos. 5:09-CR-204-FL, 5:11-CV-505-FL, 2012 WL 1978290, at *2 (E.D.N.C. June 1, 2012). Moreover, petitioner did not file the instant motion to vacate until approximately eight months after the two-year period of time that his attorney purportedly told him the appeals process would be complete. Petitioner's actions do not demonstrate due diligence. Accordingly, petitioner is not entitled to equitable tolling, and his motion is untimely pursuant to 28 U.S.C. § 2255(f).[1]

For the reasons given herein, respondent's motion to dismiss is granted, and petitioner's motion to vacate under § 2255 is dismissed with prejudice.

---

[1] Petitioner cites United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993) and Thompson v. United States, Nos. 3:07CV209-W-02, 3:03CR181-W, 2007 WL 4233528, at *2 (W.D.N.C. Nov. 28, 2007), as support for his argument that equitable tolling is warranted here. However, in those cases there is no indication that the § 2255 motion was untimely filed. See Peak, 992 F.2d at 40-41; Thompson, 2007 WL 4233528, at *2.

4

B.  Motion for Evidentiary Hearing

Pursuant to Rule 8 of the Rules Governing Section 2255 Proceedings, it is within the discretion of the district court to determine whether an evidentiary hearing is warranted after review of the record. The court finds that an evidentiary hearing is not warranted under the circumstances of this case. Accordingly, petitioner's motion for an evidentiary hearing is denied.

C.  Motion to Appoint Counsel

There is no constitutional right to counsel in § 2255 cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). However, the district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The request in this case has been reviewed and the court finds that the interests of justice do not require appointment of counsel. Therefore, petitioner's motion for appointment of counsel is denied.

D.  Certificate of Appealability

A § 2255 applicant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). After reviewing the claims presented in the habeas petition in light of the applicable standard, the court concludes that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court overrules petitioner's objection. The court thus ADOPTS the M&R in full (DE 51). The court GRANTS respondent's motion to dismiss (DE 45), and DISMISSES WITH PREJUDICE petitioner's motion to vacate (DE 35). The court also DENIES petitioner's motion for evidentiary hearing (DE 57, 60) and motion for appointment of counsel (DE 58). A certificate of appealability is DENIED. The clerk is directed to close this case.

SO ORDERED, this the 9th day of January, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge