IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-359-FL-1
No. 5:16-CV-624-FL

| | | |
|---|---|---|
| VINCENT MCNATT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 79), which challenges petitioner's Armed Career Criminal Act (ACCA) sentencing enhancement in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 84). The issues raised are ripe for ruling. For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

**BACKGROUND**

On April 8, 2009, petitioner pleaded guilty, pursuant to a written plea agreement, to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924. Prior to sentencing, the United States Probation Office prepared and published a Presentence Investigation Report ("PSR"), which describes in detail petitioner's background, including his criminal history. Based on petitioner's criminal history, the PSR determined that petitioner was an "armed career criminal" and that his statutory minimum sentence was 15 years, under 18 U.S.C. § 924(e)(1). (DE 25, ¶¶ 50, 54). In petitioner's criminal history, the PSR identified one North Carolina felony

conviction for "Breaking and Entering," one North Carolina felony conviction for "Common Law Robbery," one North Carolina felony conviction for "Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury," one North Carolina felony conviction for "Second Degree Murder," one North Carolina felony conviction for "Robbery With a Dangerous Weapon." (Id. ¶¶ 7, 12, 13, 14, 15).

The court sentenced petitioner on November 10, 2009, to a term of imprisonment of 155 months, adopting the PSR without change, and departing below the statutory minimum penalty upon the government's motion under 18 U.S.C. § 3553(e). (See DE 28, 29). Petitioner did not appeal. Petitioner filed a first motion to vacate on July 17, 2012, which this court dismissed on January 9, 2014.

The Fourth Circuit granted petitioner authorization to file a second or successive § 2255 motion under Johnson, on May 24, 2016. Petitioner filed the instant motion to vacate on June 27, 2016, arguing that he can no longer be classified as an Armed Career Criminal because he does not have qualifying predicate convictions following Johnson. The government moves to dismiss on the basis that petitioner qualifies as an Armed Career Criminal on the basis of petitioner's convictions for breaking and entering, and assault with a deadly weapon with intent to kill inflicting serious injury, and robbery with a dangerous weapon, or, in the alternative, second degree murder.

**COURT'S DISCUSSION**

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized

2

by law, or is otherwise subject to collateral attack." § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b).

B.   Analysis

   1.   Breaking and Entering

Johnson invalidated the "residual clause" contained in the definition of "violent felony" in the ACCA. 135 S.Ct. at 2555-56, 2563 (quoting 18 U.S.C. § 924(e)(2)(B)). Johnson, however, "does not call into question application of the [ACCA] to the four enumerated offenses or the remainder of the [ACCA's] definition of a violent felony." Id. at 2563. One of those enumerated offenses that constitutes a "violent felony" under the ACCA is "burglary." 18 U.S.C. § 924(e)(2)(B)(ii). It is well-established in this circuit that the North Carolina offense of "breaking and entering" qualifies as burglary. United States v. Mungro, 754 F.3d 267, 268, 272 (4th Cir. 2014). Accordingly, Johnson has no impact on the status of petitioner's breaking and entering conviction as an Armed Career Criminal predicate.

   2.   Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury

The court turns next to petitioner's contention that his prior conviction for "Assault With a Deadly Weapon With Intent to Kill Inflicting Serious Injury" set forth at paragraph 13 of the PSR (hereinafter "AWDWIKISI"), does not constitute a "violent felony" under the ACCA.

Before Johnson, the Fourth Circuit regularly held or stated that various North Carolina assault with deadly weapon convictions constituted violent felonies under the ACCA, either based upon the residual clause or without discussing in isolation the remainder of the ACCA definition of

3

"violent felony." See, e.g., United States v. Boykin, 669 F.3d 467, 469 (4th Cir. 2012) (stating predicate conviction for "assault with a deadly weapon inflicting serious injury" is a violent felony for purposes of the ACCA); United States v. Williams, 187 F.3d 429, 430 (4th Cir. 1999) (holding that "assault with a deadly weapon with the intent to kill" is a violent felony under the ACCA); see also United States v. Brady, 438 F. App'x 191, 193 (4th Cir. 2011) (holding that "assault with a deadly weapon inflicting serious injury" is a violent felony under the ACCA); United States v. Harris, 458 F. App'x 297, 300 (4th Cir. 2011) (holding that "assault with a deadly weapon on a government official" is an ACCA predicate).

Where the residual clause of the ACCA now is unavailable after Johnson, the government contends that AWDWIKISI constitutes a violent felony instead under the "use of force" provision of the ACCA. Under the "use of force" provision, a prior conviction may count as a "violent felony" under the ACCA if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Use of physical force" against another requires "a higher degree of intent than negligent or merely accidental conduct." Leocal v. Ashcroft, 543 U.S. 1, 9 (2004). Likewise, simple "[r]ecklessness, like negligence, is not enough to support a determination that a crime is a 'crime of violence.'" United States v. Vinson, 805 F.3d 120, 125 (4th Cir. 2015) (quotations omitted); see also United States v. Travis, 149 F. Supp. 3d 596, 599 (E.D.N.C. 2016) ("defendant must have purposefully or knowingly applied the requisite force against his victim; negligently or recklessly applied force falls outside the scope of the 'use of physical force' provision"). In addition, "the phrase 'physical force' means violent force – that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 559 U.S. 133, 140 (2010).

4

To determine if petitioner's AWDWIKISI conviction constitutes a "violent felony" under the "use of force" provision, the court must apply "the familiar categorical approach," under which the court must "look only to the fact of conviction and the statutory definition of the prior offense, focusing on the elements of the prior offense rather than the conduct underlying the conviction." Vinson, 805 F.3d at 123 (internal quotations omitted). In analyzing the elements of the offense at issue, the court may look also to relevant interpretations of the offense by the North Carolina Supreme Court. See id. at 125. The court may also consider the North Carolina pattern jury instructions. See id. at 126; United States v. Gardner, 823 F.3d 793, 802-803 (4th Cir. 2016).

The statute criminalizing AWDWIKISI states that "Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon." N.C. Gen. Stat. § 14-32(a). "The elements of assault with a deadly weapon with intent to kill inflicting serious injury are: (1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill, and (4) inflicting serious injury, not resulting in death." State v. Tirado, 358 N.C. 551, 579 (2004) (citing N.C. Gen. Stat. § 14-32(a)); see N.C. Pattern Instructions – Crim. 208.10 (same elements).

A conviction of the AWDWIKISI offense "requires proof of a specific intent or mental state." State v. Tate, 294 N.C. 189, 196 (1978) (quotations omitted); see State v. Irick, 291 N.C. 480, 502 (1977) (stating that AWDWIKISI is "a specific intent crime"). Thus, "a specific intent to kill [is] a necessary element in the proof" of an AWDWIKISI conviction, and it is "the distinguishing characteristic between [AWDWIKISI] and the lesser offense of assault with a deadly weapon." State v. Parks, 290 N.C. 748, 754 (1976).

5

This court previously has held that the offense of assault with a deadly weapon inflicting serious injury ("AWDWISI"), a separate offense under N.C. Gen. Stat. § 14-32(b), is not a violent felony under the ACCA, because such offense lacks a specific intent element, and requires only "culpable or criminal negligence" for a conviction. See United States v. Geddie, 125 F. Supp. 3d 592, 599-601 (E.D.N.C. 2015). AWDWIKISI, by contrast, contains that missing element of specific intent to kill. See, e.g., Tirado, 358 N.C. at 579. As such, AWDWIKISI meets the requirement of the "use of force" provision that force must be "used" with "a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9; see Geddie, 125 F. Supp. 3d. at 601 (suggesting that force must be "used" with "at an irreducible minimum, a reckless state of mind").

In addition, the "use of a deadly weapon" element of the AWDWIKISI offense, coupled with the "intent to kill," Tirado, 358 N.C. at 579, also meets the requirement that a qualifying offense must involve "force capable of causing physical pain or injury to another person," Johnson, 559 U.S. at 140. See United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (holding that North Carolina "malicious assault in a secret manner" offense involving "the use of a 'deadly weapon' with 'intent to kill,' entails 'force capable of causing physical pain or injury to another person,' . . . and therefore qualifies as a 'violent felony' under the force clause").

In sum, petitioner's AWDWIKISI conviction properly constitutes a predicate offense under the ACCA.

Petitioner argues, nonetheless, that AWDWIKISI does not constitute a violent felony because such a conviction can be obtained by a showing of culpable or criminal negligence. In support of this argument, petitioner cites United States v. Ocampo-Cruz, 561 F.App'x 361 (5th Cir. 2014). Ocampo-Cruz, however, is inapposite because it addressed only the offense of AWDWISI, under

6

N.C. Gen. Stat. § 14-32(b), which as noted above lacks the critical intent element of AWDWIKISI, the offense at issue in the instant case. 561 F. App'x at 362.

This court and the Fourth Circuit have since Vinson determined that certain forms of North Carolina assault offenses do qualify as violent felonies under the ACCA. See Smith, 638 F. App'x at 219 (holding that North Carolina "malicious assault in a secret manner" offense constitutes ACCA predicate); United States v. McMillian, 652 F. App'x 186, 193 (4th Cir. 2016) (holding that Vinson does not control determination of whether North Carolina "assault by strangulation" constitutes an ACCA predicate); Travis, 149 F. Supp. 3d at 600-01 (same). While the unpublished Fourth Circuit decisions are not binding on this court, they are nonetheless persuasive.

In sum, petitioner's AWDWIKISI prior conviction (PSR ¶13) qualifies as an ACCA predicate offense. Therefore, where petitioner has three qualifying predicate convictions, petitioner's challenge to his Armed Career Criminal status is without merit, and petitioner's § 2255 motion must be dismissed as a matter of law.

3. Robbery With a Dangerous Weapon

Before Johnson, the Fourth Circuit recognized generally that North Carolina robbery with a dangerous weapon was a violent felony based upon the residual clause. See, e.g., United States v. Span, 789 F.3d 320, 324 (4th Cir. 2015); United States v. White, 571 F.3d 365, 369, 373 (4th Cir. 2009). Where the residual clause of the ACCA now is unavailable after Johnson, the government contends that AWDWIKISI constitutes a violent felony instead under the "use of force" provision of the ACCA.

"The essential elements of robbery with a dangerous weapon are: (1) an unlawful taking or an attempt to take personal property from the person or in the presence of another; (2) by use or

7

threatened use of a firearm or other dangerous weapon; (3) whereby the life of a person is endangered or threatened." State v. Gwynn, 362 N.C. 334, 337 (2008) (quotations omitted). To commit or attempt to commit such offense, a defendant must have "the specific intent to unlawfully deprive another of personal property by endangering or threatening his life with a dangerous weapon." State v. Taylor, 362 N.C. 514, 538 (2008); see State v. Kemmerlin, 356 N.C. 446, 473 (2002).

Because of the purposeful or intentional nature of the use of a dangerous weapon to deprive another of property, the offense meets the requirement of the "use of force" provision that force must be "used" with "a higher degree of intent than negligent or merely accidental conduct." Leocal, 543 U.S. at 9; see Geddie, 125 F. Supp. 3d. at 601 (suggesting that force must be "used" with "at an irreducible minimum, a reckless state of mind").

In addition, the element of "use of a firearm or dangerous weapon," coupled with the element of endangering or threatening the life of another, Gwynn, 362 N.C. at 337, together meet the requirement that a qualifying offense must involve "force capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140; see United States v. Smith, 638 F. App'x 216, 219 (4th Cir. 2016) (holding that because "[b]ecause the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened, entails force capable of causing physical pain or injury to another person, robbery with a dangerous weapon involves 'the use, attempted use, or threatened use of physical force,' § 924(c)(2)(B)(i) and therefore qualifies as a 'violent felony' under the force clause) (internal case citations omitted).

In sum, petitioner's North Carolina robbery with a dangerous weapon conviction properly constitutes a predicate offense under the ACCA. Therefore, because petitioner has three qualifying

8

predicate offenses, the court need not reach the government's alternative contention that petitioner's second degree murder conviction qualifies as an ACCA predicate. Petitioner properly is subjected to an increased statutory minimum sentence under the ACCA, and his § 2255 motion is without merit.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. See Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is warranted on the issue of whether AWDWIKISI constitutes a violent felony under the ACCA.

## CONCLUSION

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 79) and GRANTS the government's motion to dismiss petitioner's motion to vacate. (DE 84). The court GRANTS a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 8th day of December, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge